## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MOUNT VERNON SPECIALTY INSURANCE CO., ) ) ) | |
| Plaintiff, ) ) ) | Case No. 4:22-cv-00583-SEP |
| v. ) ) | |
| CHIPPEWA LOFT LLC, ) ) ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion to Oppose Defendant's Request for Additional Time to File Responsive Pleadings and Motion for an Award of Fees and Costs in Connection with Service. Doc. [7]. For the reasons set forth below, the motion is denied.

### FACTUAL BACKGROUND

Plaintiff filed this action for declaratory relief against Defendant on May 31, 2022. Doc. [1]. On June 23, 2022, Defendant was served with a summons.[1] Doc. [4] *SEALED* at 2. Defendant's responsive pleading was due July 14, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i). On July 13, 2022, Defendant moved to extend the answer deadline through August 15, 2022. Doc. [5]. Defendant stated that it was in the process of procuring outside lead counsel to defend the case, that present counsel for Defendant would be out of the United States from July 17th through July 31st, and that counsel was attempting to hire lead counsel prior to his vacation. *Id.* ¶¶ 2-4. The Court granted Defendant's extension motion by docket text order on July 14, 2022. Doc. [6].

The same day the Court granted Defendant's motion, Plaintiff filed the instant motion opposing Defendant's extension request and asking the Court to award fees in connection with serving process. Doc. [7]. Specifically, Plaintiff represents that on June 3, 2022, it sent an email to Mr. Harjot Padda which contained a letter informing him of the lawsuit, requesting waiver of service, and naming

---

[1] In the instant motion, Plaintiff represents that Defendant's owner, Gupreet S. Padda, was served on June 21, 2022. Doc. [7] ¶ 5. If that were true, Defendant's responsive pleading would have been due July 12, 2022, making Defendant's extension motion a day late. Fed. R. Civ. P. 12(a)(1)(A)(i) (absent waiver under Rule 4(d), a responsive pleading is due 21 days after service with the summons and complaint); Doc. [5] (filed on July 13, 2022). But the executed summons states that Defendant was served on June 23, 2022. Doc. [4] *SEALED* at 2 (noting that Gupreet Padda was served on "6/23/2022."). Thus, Defendant's responsive pleading was due July 14, 2022. Fed. R. Civ. P. 12(a)(1)(A)(i).

1

the Court where the action was filed. *Id.* ¶¶ 2.a-c. Plaintiff also claims to have attached to the letter a copy of the complaint, two (2) copies of the waiver form, and prepaid means for returning the form. *Id.* ¶¶ 2.d-f. Plaintiff represents that Defendant did not respond to the waiver of service request, causing Plaintiff to incur the cost of service. *Id.* ¶¶ 4-5, 12.

Additionally, Plaintiff opposes Defendant's request for a 30-day answer extension, arguing that Defendant's basis for an extension fails to satisfy Federal Rule of Civil Procedure 6's good cause standard. Doc. [7] at 3-4.

Response was due by July 28, 2022, and Defendant filed none. *See* E.D. Mo. L.R. 4.01(B).

## DISCUSSION

### I.  Plaintiff's Request for Fees in Connection with Service

Those subject to service under Rule 4(e), (f), or (h) have a duty to avoid unnecessary service expenses. Fed. R. Civ. P. 4(d)(1). "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." *Id.* To give proper Rule 4(d) notice, the notice must meet a list of requirements. Fed. R. Civ. P. 4(d)(1)(A) (requiring, *inter alia*, that the notice be in writing, addressed to the proper individual, name the court where the complaint was filed, include: (a) a copy of the complaint, (b) two (2) waiver forms, and (c) prepaid means for returning the form, and inform the defendant about the consequences both waiving and not waiving service.).

If a defendant, without good cause, fails "to sign and return a waiver requested by a plaintiff located in the United States, the court must impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Fed. R. Civ. P. 4(d)(2); *see also Reints v. City of Rapid City, S.D.*, 2015 WL 5254325, at *1 (D.S.D. Sept. 9, 2015) ("A defendant who fails without good cause to sign and return a waiver is subject to court imposition of the expenses of service.") (quoting Fed. R. Civ. P. 4(d)(2)(A)) (internal quotation marks omitted) (cleaned up).

Here, Plaintiff provides no evidence that it gave Defendant proper notice under Rule 4(d) beyond its argument in the motion. "If a plaintiff does not produce admissible evidence showing that the defendant refused a request to waive service, the district court should deny the Rule 4(d)(2) motion." *Smith v. Bradley Pizza, Inc.*, 2018 WL 9943476, at *2 (D. Minn. Jan. 24, 2018) (quoting *Levingston v. Piburn*, 2010 WL 2367206, at *1 (D. Ariz. June 10, 2010)). The Court will not rely solely upon Plaintiff's assertions in its motion. *Smith*, 2018 WL 9943476, at *2 (denying a Rule 4(d)(2) motion where there was insufficient evidence in the record to support a finding that a Rule 4(d)(1)'s

2

requirements were satisfied).  Because Plaintiff has not adduced admissible evidence showing that it gave the requisite notice and that Defendant improperly failed to waive, the Court must deny the request for fees without prejudice.

## II.     Plaintiff's Opposition to Defendant's Motion for Extension

When a party files a motion for extension of time before the deadline expires, the Court may, for good cause shown, grant the extension.  Fed. R. Civ. P. 6(b)(1)(A).

First, the Court already granted Defendant's request the day Plaintiff filed the instant motion, rendering Plaintiff's request moot.  Second, and for the reasons given in the above footnote, the Court disagrees that Defendant's motion was untimely.  Third, and most importantly, the Court believes good cause existed to support Defendant's deadline extension request.  Defendant's counsel represented that Defendant was in the process of securing lead counsel to manage the defense, and this case is still in its infancy.  *See* Doc. [5] ¶¶ 2-4.  Further, Plaintiff's speculation that it "will likely be subject to further harassment and vexatious demands from Defendant" as a result of the requested extension is not sufficient to justify a finding of prejudice at this preliminary stage, although evidence that one party did harass the opposing party during a Court-granted extension period might support such a finding with respect to any later request for the Court's indulgence by the offending party.  Doc. [7] ¶ 24.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request for fees and costs in connection to service of process, Doc. [7], is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's request that the Court deny Defendant's motion of extension, Doc. [7], is **DENIED as moot**.

Dated this 15th day of August, 2022.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE