IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MOUNT VERNON SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| CHIPPEWA LOFT, LLC | ) ) |
| Defendant. | ) ) |

Case No. 4:22-cv-00583-SEP

## DEFENDANT CHIPPEWA LOFT, LLC'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Chippewa Loft, LLC, and states for its Answer and Counterclaim to the Plaintiff's Complaint as follows:

### Parties

1. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 1 of Plaintiffs' Complaint and therefore must deny the same.

2. Defendant admits the allegations as set forth in paragraph 2 of Plaintiff's Complaint.

### Jurisdiction and Venue

3. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 3 of Plaintiffs' Complaint and therefore must deny the same.

4. Defendant admits the allegations as set forth in paragraph 4 of Plaintiff's Complaint.

1

## Nature of the Controversy

5. Defendant denies the allegations as set forth in paragraph 5 of Plaintiff's Complaint.

6. Defendant denies the allegations as set forth in paragraph 6 of Plaintiff's Complaint.

## Background Facts

7. Defendant admits the allegations as set forth in paragraph 7 of Plaintiff's Complaint.

8. Defendant denies the allegations as set forth in paragraph 8 of Plaintiff's Complaint.

9. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 9 of Plaintiffs' Complaint and therefore must deny the same.

10. Defendant admits the allegations as set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 11 of Plaintiffs' Complaint and therefore must deny the same.

12. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 12 of Plaintiffs' Complaint and therefore must deny the same.

13. Defendant denies the allegations as set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 14 of Plaintiffs' Complaint and therefore must deny the same.

15. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 15 of Plaintiffs' Complaint and therefore must deny the same.

16. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 16 of Plaintiffs' Complaint and therefore must deny the same.

17. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 17 of Plaintiffs' Complaint and therefore must deny the same.

18. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 18 of Plaintiffs' Complaint and therefore must deny the same.

19. Defendant admits the allegations as set forth in paragraph 19 of Plaintiff's Complaint.

20. Defendant admits the allegations as set forth in paragraph 20 of Plaintiff's Complaint.

21. Defendant admits the allegations as set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 22 of Plaintiffs' Complaint and therefore must deny the same.

23. Defendant is without sufficient information or belief to either admit or deny the

allegations set forth in paragraph 23 of Plaintiffs' Complaint and therefore must deny the same.

24. Defendant admits the allegations as set forth in paragraph 24 of Plaintiff's Complaint.

25. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 25 of Plaintiffs' Complaint and therefore must deny the same.

26. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 26 of Plaintiffs' Complaint and therefore must deny the same.

27. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 27 of Plaintiffs' Complaint and therefore must deny the same.

28. Defendant admits the allegations as set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendant admits the allegations as set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 30 of Plaintiffs' Complaint and therefore must deny the same.

31. Defendant denies the allegations as set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendant denies the allegations as set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 33 of Plaintiffs' Complaint and therefore must deny the same.

34. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 34 of Plaintiffs' Complaint and therefore must deny the same.

35. Defendant denies the allegations as set forth in paragraph 35 of Plaintiff's Complaint.

36. Defendant denies the allegations as set forth in paragraph 36 of Plaintiff's Complaint.

37. Defendant denies the allegations as set forth in paragraph 37 of Plaintiff's Complaint.

38. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 38 of Plaintiffs' Complaint and therefore must deny the same.

39. Defendant admits the allegations as set forth in paragraph 39 of Plaintiff's Complaint.

40. Defendant denies the allegations as set forth in paragraph 40 of Plaintiff's Complaint.

41. Defendant is without sufficient information or belief to either admit or deny the

allegations set forth in paragraph 41 of Plaintiffs' Complaint and therefore must deny the same.

42. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 42 of Plaintiffs' Complaint and therefore must deny the same.

43. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 43 of Plaintiffs' Complaint and therefore must deny the same.

44. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 44 of Plaintiffs' Complaint and therefore must deny the same.

45. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 45 of Plaintiffs' Complaint and therefore must deny the same.

46. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 46 of Plaintiffs' Complaint and therefore must deny the same.

47. Defendant admits the allegations as set forth in paragraph 47 of Plaintiff's Complaint.

48. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 48 of Plaintiffs' Complaint and therefore must deny the same.

49. Defendant denies the allegations as set forth in paragraph 49 of Plaintiff's Complaint.

50. Defendant denies the allegations as set forth in paragraph 50 of Plaintiff's Complaint.

51. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 51 of Plaintiffs' Complaint and therefore must deny the same.

52. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 52 of Plaintiffs' Complaint and therefore must deny the same.

53. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 53 of Plaintiffs' Complaint and therefore must deny the same.

54. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 54 of Plaintiffs' Complaint and therefore must deny the same.

55. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 55 of Plaintiffs' Complaint and therefore must deny the same.

56. Defendant denies the allegations as set forth in paragraph 56 of Plaintiff's Complaint.

57. Defendant denies the allegations as set forth in paragraph 57 of Plaintiff's

Complaint.

58. Defendant denies the allegations as set forth in paragraph 58 of Plaintiff's Complaint.

59. Defendant denies the allegations as set forth in paragraph 59 of Plaintiff's Complaint.

60. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 60 of Plaintiffs' Complaint and therefore must deny the same.

61. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 61 of Plaintiffs' Complaint and therefore must deny the same.

62. Defendant denies the allegations as set forth in paragraph 62 of Plaintiff's Complaint.

63. Defendant denies the allegations as set forth in paragraph 63 of Plaintiff's Complaint.

64. Defendant denies the allegations as set forth in paragraph 64 of Plaintiff's Complaint.

65. Defendant denies the allegations as set forth in paragraph 65 of Plaintiff's Complaint.

66. Defendant denies the allegations as set forth in paragraph 66 of Plaintiff's Complaint.

67. Defendant admits the allegations as set forth in paragraph 67 of Plaintiff's

Complaint.

68. Defendant admits the allegations as set forth in paragraph 68 of Plaintiff's Complaint.

69. Defendant is without sufficient information or belief to either admit or deny the allegations set forth in paragraph 60 of Plaintiffs' Complaint and therefore must deny the same.

WHEREFORE, for the foregoing reasons, Defendant Chippewa Loft, LLC respectfully requests this honorable Court find in its favor and dismiss all claims against it in Plaintiff's Complaint and for any further and such relief that this Court deems just and appropriate in the circumstances.

**DEFENDANT CHIPPEWA LOFT LLC'S COUNTERCLAIM AGAINST PLAINTIFF MOUNT VERNON SPECIALTY INSURANCE COMPANY**

COMES NOW, Defendant Chippewa Loft, LLC, ('Chippewa") pursuant to Rule 13 of the Federal Rules of Civil Procedure, and for their cause of action against Plaintiff Mount Vernon Specialty Insurance Company ("Insurer"), states as follows:

**Relevant Facts**

1. Defendant Chippewa Loft, LLC ("Chippewa") had coverage under Commercial Property Policy # DPS4000875B, insuring the structure for $2.5 Million, plus Debris Removal.

2. The Policy covered a Vacant Building and **is simply a Building Policy- it is not a "Functional Building" Building Policy** as Insurer has asserted in its Complaint.

3. Although there is a form titled "Functional Building Valuation", there is no use of the term "Functional Building Valuation" anywhere else in the policy except as the title of this form and the identification of this form in the declaration pages.

9

4. The form provided two sets of potential settlement guidelines (a) and (b).  Guideline (a), which has 4 options, is only applicable if the insured contract(ed) for repair or replacement within 180 days of the damage.

5. The Insurer notified Chippewa in writing that if it didn't make such notification within 180 days, that Chippewa would be limited to the three payment options ( 1, 2 or 3) of Guideline (b).

6. The insured is bound by its own representations concerning the policy, namely that this Claim is controlled by the provisions set forth in the provided form.

7. Chippewa did not notify the Insurer that it had contracted for repair within 180 days, therefore, by the Insurer's own interpretation of the controlling language of the policy, they were bound to payment standards and regulations as set forth in Guideline (b) of the form.

8. Guideline (b) does not use the terms "Functional Building Valuation" nor "Functional", nor makes use of any form of the word "Function".

9. Guideline (b) very concisely lists the remaining options for resolution of the Claim that the Insurer is asserting and bound by:

    **b.** If you do not make a claim under **a.1., a.2., a.3.,** or **a.4.**, above, we will pay the smallest of the following, **1., 2., or 3.:**
        **1.** The Limit of Insurance shown in the Declarations as applicable to the damaged building;
        **2.** The "market value" of the damaged building, exclusive of the land value, at the time of loss; or
        **3.** The amount it would cost to repair or replace the damaged building on the same site, with less costly material in the architectural style that existed before the damage occurred, less allowance for physical deterioration and depreciation.

10. Chippewa notified the Insurer that it agreed that it was entitled to payment of the

10

lesser of the above 3 options.

11. The Insurer stated that it had not prepared or had prepared for it an estimate of the repair costs.

12. The Insurer, using Guideline (b), made payment of $875,000, after application of the $25,000 deductible, based on a real estate appraisal of the property in the amount of $900,000, prepared at their direction.

13. The Insurer's real estate appraisal was completely flawed and failed to consider many industry standards as to appraisal of commercial property, including planned use of the property.

14. Chippewa submitted to the Insurer a real estate appraisal that disputed the finding of the Insurer's real estate appraiser, in an amount in excess of $2.5 million.

15. The Insurer then notified Chippewa that it demanded an appraisal due to a disagreement on the amount of loss and damage, including, but not limited to a disagreement on the appraised value and a failure to reach an agreement on the repair cost.

16. Under Guideline (b), the only options of the Insurer other than paying Chippewa $2.5 Million are to pay market value or the cost to repair/replace ("Repair Cost") in the same architectural style.

17. Chippewa requested a copy of any calculation/evaluation/determination/opinion of repair/replacement cost prepared by or on behalf of the Insurer or received by the Insurer.

18. The Insurer claims it received no such valuation opinion and has no knowledge of the Repair Cost of this building.

11

19. Chippewa submitted an estimate of Repair/Replacement listing descriptions of repairs needed to return the property to a condition as good as before the fire, quantities of these repairs, unit costs of these repairs, extended costs of these repairs, subtotal costs of each room, each area, each floor and the total repair cost.

20. Chippewa has been proactive and has supplied real data whereas the Insurer is relying on no concrete support in their analysis.

21. If the Insurer is not relying on full limit payout of $2.5 million, or Repair Cost, then they are left with a Claim payout based on market value.

22. The policy defines market value as "the price that the property might be expected to realize if offered for sale in a fair market."

23. Prior to the loss, Chippewa listed the property for sale, in an open market, for $2.995 million, which is easily proven through written records and listings.

24. Prior to the loss, Chippewa accepted a contract for $2.955 million.

25. Chippewa had no reason to believe that the sale would not close and was expecting to realize $2.955 million from the sale of this property.

26. The Policy was written by the insured and its terms were non-negotiable and specific terms related to the Claim and obligations owed to Chippewa after the loss were presented by the insured.

27. There is no mention in this policy of the Insurer's ability to pay based on "actual cash value" or "fair market value".

28. The "Functional Building Valuation" form conveniently removes "actual cash value" and/or "fair market value" from the Policy.

29. The Policy is not a "Functional Building Valuation" Policy, instead a Commercial

12

Property Insurance Policy and does not need to be litigated, as Commercial Property Policies are well litigated by Missouri Courts.

30. This idea that the Claim is controlled by a term that requires judicial interpretation is a bad faith attempt to delay this process and cause undue burden and expense on Chippewa.

31. There is no disagreement between the Insurer and Chippewa that the Insurer has to pay the lesser of the three options in Guideline (b). The Insurer's refusal to pay the Policy Limit (option 1), is corroboration of the Insurer's vexatious and unreasonable behavior.

32. The Insurer's refusal to proceed to appraisal (option 2), is corroboration of the Insurer's vexatious and unreasonable behavior. The policy definition of "market value" (option 3) supersedes any other definition of "actual cash value" or "fair market value" as the definition of "market value" is clear and unambiguous.

33. If for any reason the Policy definition of "market value" is ruled unclear and/or ambiguous, the most favorable interpretation for Chippewa, is that Chippewa's "expectation" prevails and governs payment of this claim, as the Insurer established this definition.

34. The appraisal provided by Mr. Keith McFarland and Michael J. Jersa, CCIM, MBA (both employed by LAUER, JERSA & ASSOCIATES) ("Insurer's Appraisers") was inaccurate on many levels.

35. Insurer's Appraisers were unable to find the publicly recorded sale transaction records from Chippewa's original purchase.

36. Marisnet and CoStar show a 2018 transaction (as documented by Realist, a

service appraisers use) with a price of $1,275,000, but Insurer's Appraisers stated that there was a $1.00 purchase price.

37. The Insurer's Appraisers' reliance on a $1.00 purchase price on a material element of the appraisal and is indicative their work product being totally flawed and inaccurate.

38. Chippewa purchased the property in 2012, at the bottom of the market a decade prior, for $1,275,000 (plus an additional $700,000 to purchase the LLC and retain qualification for the historic tax credits), and the market has dramatically improved since the prior sale.

39. The Insurer's Appraisers did not request any information from Chippewa, but simply relied on the Insurer, failing to acquire all necessary information for an objective and complete appraisal.

40. The Insurer's Appraisers never asked about the eligibility for historic tax credits or the historic status of the church.

41. The Insurer's Appraisers wholly failed to exercise due diligence and have failed to meet the proper and necessary standards in providing a valid and factually supported appraisal.

42. The Insurer's Appraisers cannot quantify how much value would be added to the subject property for its historic status and eligibility to receive Federal and State historic tax credits.

43. The Insurer's Appraisers cannot identify where, if it all, in his appraisal he makes an adjustment or accounts for historic status and eligibility to receive Federal and State historic tax credits.

14

44. Nowhere in the Insurer's Appraisers' report are there adjustments which account for historic status and eligibility to receive historic tax credits and quantify the amount of the adjustment which is attributable to historic status and eligibility to receive historic tax credits.

45. The Insurer's Appraisers violated numerous USPAP Standard Rules, as well as the CONDUCT RULE.

## Vexatious Refusal

46. As referenced above in paragraphs 1 through 46, Chippewa's claim is based on an insurance contract issued or delivered in the State of Missouri.

47. As referenced above in paragraphs 1 through 46, Chippewa's demand upon the Insurer was made at least thirty days prior to the date of the counterclaim being filed.

48. As referenced above in paragraphs 1 through 46, Chippewa's demand was made under and in accordance with the terms and provisions of the contract of insurance.

49. As referenced above in paragraphs 1 through 46The Insurer has failed and refused to pay on the claim to date.

50. As referenced above in paragraphs 1 through 46The Insurer's refusal was vexatious and without reasonable cause.

WHEREFORE, Defendant respectfully requests this Court issue a judgment in favor of the Defendant requiring the Plaintiff to immediately pay policy limits of $2.5 million; award Defendant its costs and attorneys' fees; and for all other relief that this Court deems appropriate.

<div style="float:left; border:1px solid black; padding:8px;">

*CERTIFICATE OF MAILING*

*The undersigned certifies that a complete copy of the foregoing instrument was served upon the attorneys or parties of record to the above action:*
*(  ) By enclosing same in envelopes addressed to the Defendant at the address where she was served with the petition, with first class postage prepaid in a U.S. Post Office mail box in St. Louis, Missouri.*
*(  ) By leaving same at the business office with a clerk, secretary or another attorney.*
*(  ) By transmitting the same by facsimile at 3:30 p.m.*
*(  ) By hand-delivering the same directly to him/her*
*( X ) By filing using the Court's CM/ECF filing system*

*On this 12th day of May, 2023..*

*/s/ Harjot S. Padda*
*PADDA, BENNER & BENNER, LLC*

</div>

Respectfully Submitted,

**PADDA, BENNER & BENNER, LLC**

By:    */s/ Harjot S. Padda*
  **HARJOT S. PADDA**, MO #49843
  3915 Brannon Avenue
  St. Louis, Missouri 63109
  (314) 752-7200
  Fax (314) 752-7211
  jpadda@pbblawfirm.com
  Attorneys for Defendant
  Chippewa Loft, LLC