IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| MOUNT VERNON SPECIALTY | ) | |
|---|---|---|
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 4:22-cv-00583-SEP |
| v. | ) | |
| | ) | |
| CHIPPEWA LOFT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOUNT VERNON'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

COMES NOW Plaintiff, Mount Vernon Specialty Insurance Company (hereinafter "Mount Vernon"), by and through the undersigned counsel, pursuant to Rule 12(b)6 of the Federal Rules of Civil Procedure and Local Rule 4.01(A), and in support of its Motion to Dismiss for Failure to State a Claim states to this Honorable Court as follows:

**I.  Background**

Defendant filed their Answer and Counterclaim on May 12, 2023. (Doc. 37). The Answer and Counterclaim effectively re-states – at times verbatim – Defendant's First Motion to Dismiss, which was denied on March 29, 2023. (Doc. 9-10; 25). Defendant's First Counterclaim alleges only one count: that Mount Vernon is liable for vexatious refusal to pay. (Doc. 37).

**II.  Law and Analysis**

Missouri law does not recognize a standalone cause of action for vexatious refusal, and thus Defendant's First Counterclaim fails to state a claim upon which relief can be granted.

When considering a motion to dismiss for failure to state a claim upon which relief can be granted, courts assume all facts alleged in the counterclaim are true and construes all facts in favor

of the counterclaimant. *Northern Valley Communications, LLC v. Sprint Communications Co. Ltd. Partnership*, 618 F.Supp.2d 1076, 1079 (D.S.D. 2009). The court should dismiss only if it appears beyond a doubt that the claimant can prove no set of facts upon which the counterclaimant would be entitled to relief. *Id*.

Because this matter is before this Court under diversity jurisdiction pursuant to 28 U.S.C. § 1332(c), Missouri law governs substantive issues of law. *Burger v. Allied Prop. and Cas. Ins. Co.*, 822 F.3d 445, 447 (8th Cir. 2016). Under Missouri law, when an insured believes their insurance company has wrongfully refused payment of a claim, the insured simply has a breach of contract claim. *Overcast v. Billings Mutual Ins. Co.*, 11 S.W.3d 62, 67 (Mo. banc 2000). Damages for breach of contract are limited to the loss benefit itself. *Id*.

Vexatious refusal is an extra-contractual penal remedy which itself piggybacks on a breach of contract action. *Id.* The plain language of Section § 375.420, which creates the vexatious refusal cause of action, states in relevant part:

> In any action against any insurance company to recover the amount of any loss under a policy of… insurance… if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars and a reasonable attorney's fee.

(emphasis added).

The plain language of the statute demonstrates its use and the legislative intent in its creation: it creates an extra-contractual remedy in a breach of contract action. Because it is an extra-contractual remedy, it therefore depends on a successful breach of contract action <u>against an insurer</u>. There is no such claim here.

First, Defendant plainly has not pleaded a breach of contract count; Defendant has only pleaded a vexatious refusal count seeking said extra-contractual remedy. Because under Missouri law a vexatious refusal count depends on a successful breach of contract action, and Defendant has not even pleaded in its First Counterclaim a breach of contract claim, Defendant's Counterclaim therefore can prove no set of facts entitling it to relief on their vexatious refusal count. The First Counterclaim should therefore be dismissed on these grounds.

Respectfully submitted,

**RYNEARSON, SUESS, SCHNURBUSCH & CHAMPION L.L.C**

 /s/ Ellen J. Brooke
Ellen Jean Brooke                #58901MO
Katherine M. Smith               #57881MO
500 N. Broadway, Suite 1550
St. Louis, Missouri 63102
Phone:  (314) 421-4430
Fax:  (314) 421-4431
ebrooke@rssclaw.com
ksmith@rssclaw.com
*Attorneys for Plaintiff Mount Vernon Specialty Insurance Company*

**CERTIFICATE OF SERVICE**

On this the 5th day of June, 2023, the undersigned certifies the foregoing was electronically filed with the Court via e-filing CM/ECF.

 /s/ Ellen J. Brooke