**From:** ecipa1@aol.com
**Subject:** RE: Claim # K165932 C III Policy # DPS4000875B III Options a, b or c 031022a
**Date:** March 10, 2022 at 12:49 PM
**To:** Bill (USLI) Rohrman brohrman@USLI.com, Gurpreet Padda seva@padda.com
**Cc:** paulabrams@edwin-claudeinc.com, Douglas Maestas douglas.maestas@sagllc.com

See notes below in red
And respond to sections highlighted in YELLOW

**Please note change in mailing address on this file, all other files and any and all other Insurer records**

**Paul Abrams**
ecipa1@aol.com

**Edwin-Claude, Inc.**
**Suite 411-782**
**331 North New Ballas Rd.**
**Saint Louis, MO 63141**

**Tel # 314-993-2266**
**Fax # 314-993-3566**

READ THIS ENTIRE EMAIL

Immediately advise ECI *in writing* if there are any post-loss obligations or conditions still required to be met pursuant to the Policy as the Insured(s) and our office are unaware of any outstanding post-loss obligations required to be met pursuant to the Policy. Therefore, please advise within *seven (7*) days from the date of this correspondence, of any *and* all such requirements or we will proceed under your agreement that there are no post-loss obligations or conditions required to be met by the Insured and that the Insured(s) has/have met any *and* all such obligations and conditions of the Insured Policy.

Thank you in advance for your anticipated cooperation in providing our office with the requested information in a timely manner. We look forward to working with you to resolve this claim.

The message included with this e-mail and any attached document(s) contains information from the sender, which is confidential and/or privileged. This information is intended to be for the use of the addressee named. If you are not the addressee, note that any disclosure, retransmission, dissemination, photocopying, distribution or use of the contents of this e-mail information is prohibited. If you have received this e-mail in error, please delete the material from any computer and notify us by telephone at (314) 993-2266 immediately.

If this email is sent to a representative of an insurer, including, but not limited to, agents, representatives, attorneys, adjusters, consultants, investigators and/or officers of the insurer, the use of the recipient's name and/or "you" or "your", will specifically and generally refer to not only the recipient, but also the insurer. If the recipient does not have authority to act as an agent of the insurer, notify the sender immediately in writing. No actions, presentation, submission or communications of the insured or ECI (including the contents of this email) should be construed as a submission prepared by ECI, as it may be from an independent 3rd party. Nor should any action, presentation, submission or communications of the insured, ECI or 3rd party be interpreted as a waiver of any of the insured's rights or defenses or a demand for payment or repair. In event of partial loss by the peril of fire, the insured specifically and generally reserves the right to elect to have the insurer repair the property, returning it to a condition as good as before the loss. Neither this nor any future communication or submission,

including but not limited to a demand for appraisal, is to be interpreted as a claim for payment or repair. Any such claim for payment or repair will include the phrase, "The insured is hereby making a claim...". ECI has not decided as to enforce its Engagement Letter as a public adjuster agreement or appraisal agreement. Until ECI submits an estimate or scope clearly identified as prepared by ECI, ECI reserves the right to act as the insured's appraiser, as ECI will not have made any determination or opinions as to the scope of damages or amount of loss. ECI hereby certifies that is will act both impartially and in a disinterested manner, if appointed as the insured's appraiser. The insured hereby demands that the insurer notify the insured, in writing, of any obligations or duties that the insurer is waiving, now or in the future. If notice is not received, the insured will attempt to fulfill all obligations and duties. The above message is solely the personal opinion of Edwin-Claude, Inc. and/or its clients and not meant to be legal advice or a legal interpretation and should not be construed as the practice of law. Edwin-Claude, Inc. is an independent sub-contractor representing the insured(s), but not acting as an agent of the insured(s).

IF ANY INFORMATION IN THIS EMAIL IS INACCURATE, NOTIFY ECI IMMEDIATELY IN WRITING.
FAILURE TO DO SO WILL ACT AS YOUR AGREEMENT.

UNLESS PREVIOUSLY PROVIDED, THIS EMAIL SHALL SERVE AS THE INSURED'S WRITTEN NOTICE OF INTENT TO REPAIR OR REPLACE, BY REPAIR, PURCHASE OR ELECTION TO REPAIR, THE DAMAGED PROPERTY.

IF ANY INFORMATION OR STATEMENTS INCLUDED IN OR ATTACHED TO THIS EMAIL IS DISPUTED BY THE INSURER OR IF INSURER DOESN'T AGREE TO INCLUDE EDWIN-CLAUDE, INC. ON EACH AND EVERY PAYMENT AND AGREE TO EDWIN-CLAUDE,INC.'S RIGHT TO CONVERT ENGAGEMENT TO THAT OF AN APPRAISER, INSURER SHALL NOTIFY THE INSURED AND ECI WITHIN 10 DAYS OR WAIVE ITS RIGHT TO DISPUTE OR REJECT ANY STATEMENTS OR RIGHTS. NOTICE BY INSURER OF SAID DISPUTE OR REJECTION WILL NOT BIND THE INSURED TO SAME.

---

**From:** Bill (USLI) Rohrman [mailto:brohrman@USLI.com]
**Sent:** Tuesday, March 8, 2022 9:48 AM
**To:** Gurpreet Padda; ecipa1@aol.com
**Cc:** paulabrams@edwin-claudeinc.com; Claims Imaging; Douglas Maestas
**Subject:** RE: Claim # K165932 C ||| Policy # DPS4000875B ||| Options a, b or c 030722a

We are working on that. Please expand on what specifically you are working on, when you will be done working on it and when we will see a copy of it, them or whatever.b In the meantime, please instruct your public adjuster to provide your estimate as we have been requesting. I am collecting information and compiling documents needed to complete and submit a full and accurate estimate. But it will be repairing/replacing the damage property as built, as I know of no other way to maintain the architectural style of this building. This is why I have asked for copies of documents you have admitted you have in your possession. Some of that information may be info and documents that I am waiting from outside sources for, which you could provide me now. And if any of the documents you have show how to repair the property for less than the people I am requesting bids from, aren't you going to try to settle the loss based on your numbers? So why do you need mine? This is a duty of yours under the policy as we have tried to explain to your public adjuster previously. Does the policy specifically require the insured to submit an estimate or have you expanded the definition of cooperation to include this, even if unnecessary. And if you can notify us as to which option 1, 2, 3, or 4, you will be using to settle the claim if we submit a contract or option 1, 2 or 3 if we don't submit a contract (plus what you would do if the insured elected "Repair" under the MO Change) , then we could focus on those 3 options and be able to

respond more quickly. Right now we are working on 9 different scenarios to be able to make claim under any and all options. Just send us your information and which option you are choosing for (a) and which one for (b). Keep reading down through insured's email

**Bill Rohrman, SCLA**
**Assistant Vice President**
**Property Claims Examiner**







**1190 Devon Park Drive, Wayne, PA 19087**
888-523-5545 ext. 2347; Direct Dial: 610-971-6347; Fax: 610-688-4391
Alt. contact Mike Berry mberry@usli.com ext.2509 or Christopher Soley Christopher.soley@usli.com ext. 2559

**If you are an appointed customer of USLI and need to report a claim please use the USLI-SNAP app**

**If you are an agent or policyholder, you can also report a claim by calling us at 888-523-5545 and choosing option 3 or by visiting us online at www.usli.com.**

For information on how we store and use personal information, please see our Privacy Policy located at https://www.usli.com/privacy-policy/.



**Think GREEN, do you really need to print this email?**

---

**From:** Gurpreet Padda [mailto:seva@padda.com]
**Sent:** Tuesday, March 8, 2022 9:15 AM
**To:** ecipa1@aol.com
**Cc:** Bill (USLI) Rohrman <brohrman@USLI.com>; paulabrams@edwin-claudeinc.com; Claims Imaging <claimsimaging@USLI.com>; Douglas Maestas <douglas.maestas@sagllc.com>
**Subject:** (EXTERNAL) Re: Claim # K165932 C lll Policy # DPS4000875B lll Options a, b or c 030722a

CAUTION EXTERNAL EMAIL. This email originated outside of USLI.

A combination of 2 emails from the insured

Bill and Doug

Before I can determine or conclude a course of action, please provide me exactly what payments will be made by the insurer for these different options. I need actual dollar numbers. WHEN?

Doug & Bill,

…

This is another reason why we need the information he had accumulated.

I would like to propose a compromise settlement at $2.3M, This offer of settlement should not be construed as my opinion of value on the loss, just a compromise settlement offer.

If this offer is unsatisfactory, please provide us with the information Paul requested and I will work with him to finalize an estimate and submit as soon as possible.

In the meantime, I think that proceeding with the appraisal may be the second fastest way to resolve any disputes.

Are there any policy conditions that prohibit us proceeding with appraisal if you don't accept my proposal?

Thx

Gurpreet S Padda

Sent from my iPhone

On Mar 7, 2022, at 21:51, ecipa1@aol.com wrote:

See my notes in red below

**Please note change in mailing address on this file, all other files and any and all other Insurer records**

**Paul Abrams**
ecipa1@aol.com

**Edwin-Claude, Inc.**
**Suite 411-782**
**331 North New Ballas Rd.**
**Saint Louis, MO 63141**

**Tel # 314-993-2266**
**Fax # 314-993-3566**

READ THIS ENTIRE EMAIL

Immediately advise ECI *in writing* if there are any post-loss obligations or conditions still required to be met pursuant to the Policy as the Insured(s) and our office are unaware of any outstanding post-loss obligations required to be met pursuant to the Policy. Therefore, please advise within *seven (7*) days from the date of this correspondence, of any *and* all such requirements or we will proceed under your agreement that there are no post-loss obligations or conditions required to be met by the Insured and that the Insured(s) has/have met any *and* all such obligations and conditions of the Insured Policy.

Thank you in advance for your anticipated cooperation in providing our office with the requested information in a timely manner. We look forward to working with you to resolve this claim.

The message included with this e-mail and any attached document(s) contains information from the sender, which is confidential and/or privileged. This information is intended to be for the use of the addressee named. If you are not the addressee, note that any disclosure, retransmission, dissemination, photocopying, distribution or use of the contents of this e-mail information is prohibited. If you have received this e-mail in error, please delete the material from any computer and notify us by telephone at (314) 993-2266 immediately.

If this email is sent to a representative of an insurer, including, but not limited to, agents, representatives, attorneys, adjusters, consultants, investigators and/or officers of the insurer, the use of the recipient's name and/or "you" or "your", will specifically and generally refer to not only the recipient, but also the insurer. If the recipient does not have authority to act as an agent of the insurer, notify the sender immediately in writing. No actions, presentation, submission or communications of the insured or ECI (including the contents of this email) should be construed as a submission prepared by ECI, as it may be from an independent 3rd party. Nor should any action, presentation, submission or communications of the insured, ECI or 3rd party be interpreted as a waiver of any of the insured's rights or defenses or a demand for payment or repair. In event of partial loss by the peril of fire, the insured specifically and generally reserves the right to elect to have the insurer repair the property, returning it to a condition as good as before the loss. Neither this nor any future communication or submission, including but not limited to a demand for appraisal, is to be interpreted as a claim for payment or repair. Any such claim for payment or repair will include the phrase, “The insured is hereby making a claim...”. ECI has not decided as to enforce its Engagement Letter as a public adjuster agreement or appraisal agreement. Until ECI submits an estimate or scope clearly identified as prepared by ECI, ECI reserves the right to act as the insured’s appraiser, as ECI will not have made any determination or opinions as to the scope of damages or amount of loss. ECI hereby certifies that is will act both impartially and in a disinterested manner, if appointed as the insured’s appraiser. The insured hereby demands that the insurer notify the insured, in writing, of any obligations or duties that the insurer is waiving, now or in the future. If notice is not received, the insured will attempt to fulfill all obligations and duties. The above message is solely the personal opinion of Edwin-Claude, Inc. and/or its clients and not meant to be legal advice or a legal interpretation and should not be construed as the practice of law. Edwin-Claude, Inc. is an independent sub-contractor representing the insured(s), but not acting as an agent of the insured(s).

IF ANY INFORMATION IN THIS EMAIL IS INACCURATE, NOTIFY ECI IMMEDIATELY IN WRITING.
FAILURE TO DO SO WILL ACT AS YOUR AGREEMENT.

UNLESS PREVIOUSLY PROVIDED, THIS EMAIL SHALL SERVE AS THE INSURED’S WRITTEN NOTICE OF INTENT TO REPAIR OR REPLACE, BY REPAIR, PURCHASE OR ELECTION TO REPAIR, THE DAMAGED PROPERTY.

IF ANY INFORMATION OR STATEMENTS INCLUDED IN OR ATTACHED TO THIS EMAIL IS DISPUTED BY THE INSURER OR IF INSURER DOESN’T AGREE TO INCLUDE EDWIN-CLAUDE, INC. ON EACH AND EVERY PAYMENT AND AGREE TO EDWIN-CLAUDE,INC.’S RIGHT TO CONVERT ENGAGEMENT TO THAT OF AN APPRAISER, INSURER SHALL NOTIFY

THE INSURED AND ECI WITHIN 10 DAYS OR WAIVE ITS RIGHT TO DISPUTE OR REJECT ANY STATEMENTS OR RIGHTS. NOTICE BY INSURER OF SAID DISPUTE OR REJECTION WILL NOT BIND THE INSURED TO SAME.

---

**From:** Bill (USLI) Rohrman [mailto:brohrman@USLI.com]
**Sent:** Wednesday, November 10, 2021 2:20 PM
**To:** 'seva@padda.com'
**Cc:** 'paulabrams@edwin-claudeinc.com'; Claims Imaging; 'Douglas Maestas'
**Subject:** FW: Claim # K165932 C ||| Policy # DPS4000875B |||

Dear Gurpreet Pada:

I am writing to provide you with information regarding the claim and an endorsement that is attached to the policy.

The policy contains the CP109 (04-15) Functional Building Valuation endorsement. The terms within the form read in part as follows: Am I interpreting this propertly

**FUNCTIONAL BUILDING VALUATION**

The information for this endorsement will be shown in the Declarations.
The Limit of Insurance shown in the Declarations is the only limit of insurance applicable to the
building described in the Declarations.
With respect to the building described in the Declarations, Section **E. Loss Conditions, 7.**
**Valuation**, items **a.** and **b.**, are deleted in their entirety and replaced with the following:

**a.** If you contract for repair or replacement of the loss or damage to restore the building
shown in the Declarations for the same occupancy and use, within one hundred eighty
(180) days of the damage, unless we and you otherwise agree we will pay the smallest of
the following: If the insured submits you a contract for repair, which one of the following is the smallest. We have added our opinion of each. Notify us which ones you disagree with, why and what is your evaluation?
**1.** The Limit of Insurance shown in the Declarations as applicable to the damaged
building. $2.5M
**2.** In the event of a total loss, the cost to replace the damaged building on the same site
with a less costly building that is functionally equivalent to the damaged building. You have classified this as a partial loss, which makes this section moot, even though a functionally equivalent building would cost over $2.5M
**3.** In the event of a partial loss, the cost to repair or replace the damaged portion of the
building with less costly material, if available, in the architectural style that

existed
before the loss or damage occurred. Do you believe that you can repair or replace the damaged portion of the building in its existing architectural style for less than $2,5M, because we don't

**4.** The amount you actually spend that is necessary to repair or replace the lost or
damaged building with less costly material if available. What if it costs more than $2.5M for the insured to repair or replace?

Which of the above would be the one you use and how much would it be if the insured does submit a contract?

We need the answers to all these questions, so the insured can make an educated decision as to whether he should submit a contract and let you settle for part a or do not and settle for part b.

If we don't submit a contract, then…

**b.** If you do not make a claim under **a.1., a.2., a.3.,** or **a.4.**, above, we will pay the smallest
of the following, **1., 2., or 3.:**

**1.** The Limit of Insurance shown in the Declarations as applicable to the damaged
building; Still $2.5M, correct?

**2.** The "market value" of the damaged building, exclusive of the land value, at the time
of loss; or Is the FMV $2.9M per the contract the insured had to sell the property? If not what is your evaluation of the FMV?

**3.** The amount it would cost to repair or replace the damaged building on the same site,
with less costly material in the architectural style that existed before the damage occurred, less allowance for physical deterioration and depreciation How does this work? What would be the allowance for physical deterioration and depreciation? And would this deduction be from the cost to return the property to a condition as good as before the loss or a diminished condition using lesser cost materials not currently in existent in the building? And how do you depreciate something that wasn't even in the building in the first place? I could understand depreciating the cost of using the same materials used to originally construct the building. But if we had plaster and you are replacing it with drywall, you already have depreciated the value of the plaster, by replacing it with a sub-par material. But drywall is not in the architectural style of the existing building. So please identify any and all materials that would have to be used to replace any existing materials, while maintaining the architectural style. And how much have you calculated the cost to repair or replace the damaged building with less costly materials in the architectural style that existed before the damage occurred. And how much would be the allowance for physical deterioration and depreciation?

Which of the above would be the one you use and how much would it be if the insured doesn't submit a contract?

We need the answers to all these questions, so the insured can make an educated decision as to whether he should submit a contract and let you settle for part a or do not and settle for part b. So please cooperate with us.

And does the Missouri Change to your policy actually become #c and give the insured an additional option, where you have to pay the amount of the loss or damage, not at functional value, or you have to actually repair the property to a condition as good as before the loss with non-less valuable materials? Doug regularly works in MO and should know this so claiming ignorance will not be an excuse. And doesn't it require you to pay the full cost even if the cost exceeds the policy limit? Am I correct about this option? If not, how does this option work? And if you try to claim that the functional valuation conditions supersede this option, provide us with what policy conditions state this, as it seems that while your endorsements change the policy, via language like Section E is replaced by …, which is then changed in regard to partial losses by fire by the Missouri Change, which actually appears to supersede all other valuations and options .

The insured needs this so he can make an educated decision about all of his options. So please cooperate with us.

*Thanks for making my services so invaluable to my client.*

This endorsement modifies insurance provided under the following:

**BUILDING AND PERSONAL PROPERTY COVERAGE FORM**
**CONDOMINIUM ASSOCIATION COVERAGE FORM**

**FUNCTIONAL BUILDING VALUATION**

The information for this endorsement will be shown in the Declarations.

The Limit of Insurance shown in the Declarations is the only limit of insurance applicable to the building described in the Declarations.

With respect to the building described in the Declarations, Section **E. Loss Conditions, 7. Valuation**, items **a.** and **b.**, are deleted in their entirety and replaced with the following:

**a.** If you contract for repair or replacement of the loss or damage to restore the building shown in the Declarations for the same occupancy and use, within one hundred eighty (180) days of the damage, unless we and you otherwise agree we will pay the smallest of the following:
  1. The Limit of Insurance shown in the Declarations as applicable to the damaged building.
  2. In the event of a total loss, the cost to replace the damaged building on the same site with a less costly building that is functionally equivalent to the damaged building.
  3. In the event of a partial loss, the cost to repair or replace the damaged portion of the building with less costly material, if available, in the architectural style that existed before the loss or damage occurred.
  4. The amount you actually spend that is necessary to repair or replace the lost or damaged building with less costly material if available.

**b.** If you do not make a claim under **a.1., a.2., a.3.,** or **a.4.**, above, we will pay the smallest of the following, **1., 2.,** or **3.**:
  1. The Limit of Insurance shown in the Declarations as applicable to the damaged building;
  2. The "market value" of the damaged building, exclusive of the land value, at the time

of loss; or

3. The amount it would cost to repair or replace the damaged building on the same site, with less costly material in the architectural style that existed before the damage occurred, less allowance for physical deterioration and depreciation.

The following is added to Section **E. Loss Conditions, 7. Valuation**:

If there is other insurance covering the same loss or damage our insurance is excess. But we will not pay more than the applicable Limit of Insurance.

The following Definition is added:



**"Market Value",** as used in this endorsement, means the price that the property might be expected to realize if offered for sale in a fair market.

All other terms and conditions of this Policy remain unchanged. This endorsement is a part of your Policy and takes effect on the effective date of your Policy unless another effective date is shown.



If there is no contract for repair or replacement within 180 days of the damage, as outlined in the aforementioned policy language, payment will be based on part **b.**

As independent adjuster Doug Maestas continues to investigate the claim, he will retain a real estate appraiser to assist with determining the "market value" according

to **b.2.** Mr. Maestas and I can explain this in further detail with you if there are any questions.

If you do contract for repair or replacement within 180 days of the damage, then payment will be based on part **a.** Please let us know whether you plan to complete repairs and if so, provide a contract for the repairs within 180 days along with an estimate that supports the contract.

I encourage you to review the CP109 04/15 endorsement and contact me or with any questions.

We are truly sorry for your loss and look forward to working with you to resolve the claim as quickly as possible.

Sincerely,

**Bill Rohrman, SCLA**
**Assistant Vice President**
**Property Claims Examiner**






**1190 Devon Park Drive, Wayne, PA 19087**
888-523-5545 ext. 2347; Direct Dial: 610-971-6347; Fax: 610-688-4391
Alt. contact Mike Berry mberry@usli.com ext.2509 or Christopher Soley Christopher.soley@usli.com ext. 2559

**If you are an appointed customer of USLI and need to report a claim please use the USLI-SNAP app**

**If you are an agent or policyholder, you can also report a claim by calling us at 888-523-5545 and choosing option 3 or by visiting us online at www.usli.com.**

For information on how we store and use personal information, please see our Privacy Policy accessible on our homepage www.usli.com.



**Think GREEN, do you really need to print this email?**

---

**From:** Bill (USLI) Rohrman
**Sent:** Tuesday, October 26, 2021 1:51 PM
**To:** 'seva@padda.com' <seva@padda.com>
**Cc:** Claims Imaging <claimsimaging@USLI.com>
**Subject:** Claim # K165932 C lll Policy # DPS4000875B lll

Dear Valued Policyholder:

During the claim process, an independent insurance adjuster with Signature Adjustment Group will be assisting Mount Vernon Specialty Insurance Company

(the Company) with its investigation and gathering information to enable the Company to make a final coverage determination. Please be advised, however, the independent adjuster is not authorized to speak on the Company's behalf with regard to the existence or absence of coverage under the policy. Once all of the information has been gathered and the claim investigation is complete, the Company will issue a final coverage determination with respect to your claim. The Company specifically reserves all of its rights and defenses available under both the policy of insurance and the law. No waiver of any rights or defenses is intended or implied.

Feel free to contact me with any questions.

Sincerely,

**Bill Rohrman, SCLA**
**Assistant Vice President**
**Property Claims Examiner**






**1190 Devon Park Drive, Wayne, PA 19087**
888-523-5545 ext. 2347; Direct Dial: 610-971-6347; Fax: 610-688-4391
Alt. contact Mike Berry mberry@usli.com ext2509 or Christopher Soley Christopher.soley@usli.com ext. 2559
**If you are an appointed customer of USLI and need to report a claim please use the USLI-SNAP app**

**If you are an agent or policyholder, you can also report a claim by calling us at 888-523-5545 and choosing option 3 or by visiting us online at www.usli.com.**

For information on how we store and use personal information, please see our Privacy Policy accessible on our homepage www.usli.com.





**Think GREEN, do you really need to print this email?**



Shen Lu
Proper...21.xlsx