# Collin McCabe

| | |
|---|---|
| **From:** | ecipa1@aol.com |
| **Sent:** | Monday, March 7, 2022 2:49 PM |
| **To:** | 'Gurpreet Padda'; 'Douglas Maestas' |
| **Cc:** | 'Bill (USLI) Rohrman'; 'Signature Adjustment Group' |
| **Subject:** | RE: SAG05353-Chippewa Loft LLC-K165932 |

Please resend us the letter of Nov 10, 2021 you spoke of.

**Please note change in mailing address on this file, all other files and any and all other Insurer records**

**Paul Abrams**
ecipa1@aol.com

**Edwin-Claude, Inc.**
**Suite 411-782**
**331 North New Ballas Rd.**
**Saint Louis,  MO 63141**

**Tel # 314-993-2266**
**Fax # 314-993-3566**

READ THIS ENTIRE EMAIL

Immediately advise ECI *in writing* if there are any post-loss obligations or conditions still required to be met pursuant to the Policy as the Insured(s) and our office are unaware of any outstanding post-loss obligations required to be met pursuant to the Policy. Therefore, please advise within *seven (7*) days from the date of this correspondence, of any *and* all such requirements or we will proceed under your agreement that there are no post-loss obligations or conditions required to be met by the Insured and that the Insured(s) has/have met any *and* all such obligations and conditions of the Insured Policy.

Thank you in advance for your anticipated cooperation in providing our office with the requested information in a timely manner. We look forward to working with you to resolve this claim.

The message included with this e-mail and any attached document(s) contains  information from the sender, which is confidential and/or privileged. This information is intended to be for the use of the addressee named. If you are not the addressee, note that any disclosure, retransmission, dissemination, photocopying, distribution or use of the contents of this e-mail information is prohibited. If you have received this e-mail in error, please delete the material from any computer and notify us by telephone at (314) 993-2266 immediately.

If this email is sent to a representative of an insurer, including, but not limited to, agents, representatives, attorneys, adjusters, consultants, investigators and/or officers of the insurer, the use of the recipient's name and/or "you" or "your", will specifically and generally refer to not only the recipient, but also the insurer. If the recipient does not have authority to act as an agent of the insurer, notify the sender immediately in writing.  No actions, presentation, submission or communications of the insured or ECI (including the contents of this email) should be construed as a submission prepared by ECI, as it may be from an independent 3rd party.  Nor should any action, presentation, submission or communications of the insured, ECI or 3rd party be interpreted as a waiver of any of the insured's rights or defenses or a demand for payment or repair. In event of partial loss by the peril of fire, the insured specifically and generally reserves the right to elect to have the insurer repair the property, returning it to a condition as good as before the loss. Neither this nor any future communication or submission, including but not limited to a demand for appraisal, is to be interpreted as a claim for payment or repair.  Any such claim for payment or repair will include the phrase, "The insured is hereby making a claim...".  ECI has not decided as to enforce its Engagement Letter as a public adjuster agreement or appraisal

agreement. Until ECI submits an estimate or scope clearly identified as prepared by ECI, ECI reserves the right to act as the insured's appraiser, as ECI will not have made any determination or opinions as to the scope of damages or amount of loss. ECI hereby certifies that is will act both impartially and in a disinterested manner, if appointed as the insured's appraiser.  The insured hereby demands that the insurer notify the insured, in writing, of any obligations or duties that the insurer is waiving, now or in the future.  If notice is not received, the insured will attempt to fulfill all obligations and duties.  The above message is solely the personal opinion of Edwin-Claude, Inc. and/or its clients and not meant to be legal advice or a legal interpretation and should not be construed as the practice of law. Edwin-Claude, Inc. is an independent sub-contractor representing the insured(s), but not acting as an agent of the insured(s).

IF ANY INFORMATION IN THIS EMAIL IS INACCURATE, NOTIFY ECI IMMEDIATELY IN WRITING. FAILURE TO DO SO WILL ACT AS YOUR AGREEMENT.

UNLESS PREVIOUSLY PROVIDED, THIS EMAIL SHALL SERVE AS THE INSURED'S WRITTEN NOTICE OF INTENT TO REPAIR OR REPLACE, BY REPAIR, PURCHASE OR ELECTION TO REPAIR, THE DAMAGED PROPERTY.

IF ANY INFORMATION OR STATEMENTS INCLUDED IN OR ATTACHED TO THIS EMAIL IS DISPUTED BY THE INSURER OR IF INSURER DOESN'T AGREE TO INCLUDE EDWIN-CLAUDE, INC. ON EACH AND EVERY PAYMENT AND AGREE TO  EDWIN-CLAUDE,INC.'S RIGHT TO CONVERT ENGAGEMENT TO THAT OF AN APPRAISER, INSURER SHALL NOTIFY THE INSURED AND ECI WITHIN 10 DAYS OR WAIVE ITS RIGHT TO DISPUTE OR REJECT ANY STATEMENTS OR RIGHTS. NOTICE BY INSURER OF SAID DISPUTE OR REJECTION WILL NOT BIND THE INSURED TO SAME.

**From:** Gurpreet Padda [mailto:seva@padda.com]
**Sent:** Monday, March 7, 2022 12:33 PM
**To:** Douglas Maestas
**Cc:** paulabrams@edwin-claudeinc.com; Bill (USLI) Rohrman; Signature Adjustment Group
**Subject:** Re: SAG05353-Chippewa Loft LLC-K165932

Doug

Perhaps if you could re send the email **November 10, 2021 to all of us**

Sent from my iPhone

On Mar 7, 2022, at 11:38, Douglas Maestas <douglas.maestas@sagllc.com> wrote:

> Paul,
>
> Please see my responses below in red.
>
> We are working on this, but it would be helpful if you provided us with the copies of documents we requested so we could provide a more accurate estimate.  We are requesting that you send us a proof of loss. Why won't you provide? **The carrier is not requesting a proof at this time and there is no need for a proof at this time. The carrier reserves their right to demand it at a later date.** And what is there to review on these documents? **The carrier is conducting its investigation and evaluation. Please cooperate and provide and cease your refusal to cooperate on the insured's behalf.**  Are any of these reports going to be changed before submitting to us? **No.** If not, why can't we see them now? **The carrier will provide them when their evaluation is complete.** And if so, wouldn't that remove any independency/objectivity of them? **The carrier will provide them when their evaluation is complete.**

Please provide as soon as possible, so we can complete and submit our estimate.  If you are unable to provide, let us know two things in detail:
1) Why you can't provide **The carrier will provide them when their evaluation is complete.**; and
2) Who can provide (and forward our requests to that party) **The carrier will provide them when their evaluation is complete.**

Also, we need some other additional information from you so we know how to submit our claim.
a) Is the insurer classifying this as a partial loss to the building or a total loss? **It is not a total loss**
b) And what are the insured options, rights, benefits and privileges under the policy, if it is a partial loss? **Refer to the November 10, 2021 email sent to the insured**
c) And what are the insured options, rights, benefits and privileges under the policy, if it is a total partial loss? **Refer to the November 10, 2021 email sent to the insured**
d) Are there any special forms or paperwork that needs to be submitted by the insured to exercise any of the abovementioned options, rights, benefits and/or privileges?  (If so, please also provide them asap) **We are still waiting for you to comply with our request for you to provide us a copy of your estimate and claim. A Proof of Loss will be requested at a later date.**

We need the above 4 pieces of information, as you know they directly affect how the insured would submit its claim.

As soon as we receive all information requested in this email and all documents requested in previous emails we will try to expedite the submission of our estimate. **Your reluctance and refusal to provide the requested documents and cooperate with the carrier's request is impeding the carrier's ability to complete its investigation and is putting the insured in an unfavorable position of non-cooperating. The insured retained your services as an expert in presenting his claim to the carrier and your reluctance and refusal to provide requested documents and cooperate is in violation of the policy conditions that you are aware of. These conditions are found at page 10 of 15 within the CP0010 06/07 Building And Personal Property Coverage Form (E.3.a.(1)-(8) & E.3.b.)**

Is there anything preventing us, since there has been a failure to reach an agreement with the insurer on the amount of loss and damage, from just proceeding to appraisal at this time, where all of these documents will be supplied? **Yes, your refusal on behalf of the insured to provide requested documents and cooperate.** And is there anything to prevent the insurer and insured from continuing to try to reach an agreement on the amount of loss and damage during the appraisal process? **Yes, your refusal, on behalf of the insured, to provide requested documents and cooperate.** And if an agreement between the insured and insured is reached at any this during this process, wouldn't the appraisal be automatically terminated, due to it being moot and contrary to policy conditions, since an appraisal can't technically exist in the absence of a failure to agree on the amount of loss and damage? The insured and insurer can settle the claim amongst themselves at any time during an appraisal, should an appraisal become necessary.  At this time an appraisal is premature because of **your refusal, on behalf of the insured, to provide requested documents and cooperate.** Would an appraisal possibly expedite the settlement of this claim? **Your cooperation with the carrier's requests will expedite the settlement of this claim**

Again, please provide the requested documents that the carrier is requesting and cooperate with the carrier's investigation. The insured hired you to present his claim to the carrier and your continued actions are demonstrating an unwillingness to provide requested documents and cooperate.

Thanks,
Doug

*Doug Maestas, CPCU, ARM, ARe, AIC, AIS, AINS, AFIS, SSGB, AIC-M*
*Executive General Adjuster*
*Signature Adjustment Group LLC*
c. (636) 459-0952
o. (877) SAG-LLC1
f. (877) 724-5521
  douglas.maestas@sagllc.com



*Claims.   Made.   SIMPLE.*

SAGLLC.COM | Home Office (877) SAG-LLC1 | Homeoffice@sagllc.com

**Signature Adjustment Group - 503 E Nifong Blvd, #146, Columbia, MO 65201-3717**

*Confidentiality Notice: The information contained in this email is confidential and may be protected or proprietary information intended only for the use of the individual or entity to whom it is addressed. If the reader of this message is not the intended recipient, you are hereby notified that any viewing, dissemination, distribution, disclosure, copy or use of the information contained in this email message is strictly prohibited. If you have received and/or are viewing this email in error, please immediately notify the sender by reply email, and delete it from your system without reading, forwarding, copying, or saving in any manner.*