# Collin McCabe

| | |
|---|---|
| **From:** | Info <info@edwin-claudeinc.com> |
| **Sent:** | Friday, March 18, 2022 10:37 AM |
| **To:** | Bill (USLI) Rohrman; douglas.maestas@sagllc.com |
| **Cc:** | Gurpreet Padda |
| **Subject:** | FW: KINGSHIGHWAY - 3/17/22a |
| **Attachments:** | KINGSHIGH-3-9-22-R_CUSTOMER_TOTAL_AMOUNT_CON.pdf; Building Fixtures 031722.pdf; 500 N. Kingshighway 1 Proposal.pdf |

Dear Doug and Bill,

Here is our best guess estimate of the possible full cost to repair the building.
I am sure that you understand my wish not to shortchange the insured and cover all possibilities, especially considering the lack of cooperation on your part, and information supplied. Our ability to fine tune this estimate any further was hampered by your refusal to provide us with documentation and information in your possession, including, but not limited to, your estimate, your engineer's report, your building consultant's report, real estate appraisal … etc.

At this point in time, the insured feels that you should provide all the above listed (and more) documentation and information as promised along with a proof of loss. Or simply issue payment in the amount of the policy limits. Since we have not submitted a contract for repair, it would appear that the amount due the insured would be the lesser of b (1), (2) or (3) which appears to be b(1) the Policy Limit of $2.5M, since the FMV of the property and the cost to repair both exceed the policy limit plus the deductible at ACV. If the insurer wants to waive its right to demand a proof of loss and go ahead and pay the $2.5M policy limit, I don't think my client would object. Am I correct above, that since the insured has not submitted a contract for repair, the insured's payment is limited to the lesser of b (1), (2) or (3)? And isn't it true that the lesser of these is b (1)? If not, send us your calculation of b(2) and (3), the other information and documentation your promised to provide, along with you documented offer of settlement.

This submission is being made as part of your requirement for cooperation and your demand for submission of an estimate.

It is not a claim, nor an election of payment or repair. As I said above, the insured believes he is entitled to payment of the policy limit and that you already knew that the loss was going to exceed the policy limit. But if the insurer does not agree to pay the policy limit, the insured generally and specifically reserves his rights to demand appraisal (and then elect payment or repair) or to elect repair now, obligating the insurer to return the property to a condition as good as before the loss, without limits and without any liability to the insured, financial or otherwise.

I hope that this submission allows you to settle the claim today and issue payment to the insured, for the policy limits, no later than Monday, March 21, 2022. Please overnight all payments, so that we can track the check, especially considering its size.

I forgot, one thing.

Since you never accepted the insured's compromise offer to settle this claim weeks ago, for $2.3M, prior to the completion and submission of our estimate, I am hereby, on his behalf, withdrawing that offer.

Have a great weekend.

Due to your vast experience in large losses, you should be able to back calculate any numbers using the %'s provided and your knowledge of Xactimate. I have attached the only other additional information I believe that you may need to

verify the estimate.  Or you could simple agree that the loss is so far in excess of the policy and recommend payment asap.

**Please note change in mailing address on this file, all other files and any and all other Insurer records**

**Paul Abrams**
**ecipa1@aol.com**

**Edwin-Claude, Inc.**
**Suite 411-782**
**331 North New Ballas Rd.**
**Saint Louis,  MO 63141**

**Tel # 314-993-2266**
**Fax # 314-993-3566**

READ THIS ENTIRE EMAIL

Immediately advise ECI *in writing* if there are any post-loss obligations or conditions still required to be met pursuant to the Policy as the Insured(s) and our office are unaware of any outstanding post-loss obligations required to be met pursuant to the Policy. Therefore, please advise within *seven (7*) days from the date of this correspondence, of any *and* all such requirements or we will proceed under your agreement that there are no post-loss obligations or conditions required to be met by the Insured and that the Insured(s) has/have met any *and* all such obligations and conditions of the Insured Policy.

Thank you in advance for your anticipated cooperation in providing our office with the requested information in a timely manner. We look forward to working with you to resolve this claim.

The message included with this e-mail and any attached document(s) contains  information from the sender, which is confidential and/or privileged. This information is intended to be for the use of the addressee named. If you are not the addressee, note that any disclosure, retransmission, dissemination, photocopying, distribution or use of the contents of this e-mail information is prohibited. If you have received this e-mail in error, please delete the material from any computer and notify us by telephone at (314) 993-2266 immediately.

If this email is sent to a representative of an insurer, including, but not limited to, agents, representatives, attorneys, adjusters, consultants, investigators and/or officers of the insurer, the use of the recipient's name and/or "you" or "your", will specifically and generally refer to not only the recipient, but also the insurer. If the recipient does not have authority to act as an agent of the insurer, notify the sender immediately in writing.  No actions, presentation, submission or communications of the insured or ECI (including the contents of this email) should be construed as a submission prepared by ECI, as it may be from an independent 3rd party.  Nor should any action, presentation, submission or communications of the insured, ECI or 3rd party be interpreted as a waiver of any of the insured's rights or defenses or a demand for payment or repair. In event of partial loss by the peril of fire, the insured specifically and generally reserves the right to elect to have the insurer repair the property, returning it to a condition as good as before the loss. Neither this nor any future communication or submission, including but not limited to a demand for appraisal, is to be interpreted as a claim for payment or repair.  Any such claim for payment or repair will include the phrase, "The insured is hereby making a claim...".  ECI has not decided as to enforce its Engagement Letter as a public adjuster agreement or appraisal agreement. Until ECI submits an estimate or scope clearly identified as prepared by ECI, ECI reserves the right to act as the insured's appraiser, as ECI will not have made any determination or opinions as to the scope of damages or amount of loss. ECI hereby certifies that is will act both impartially and in a disinterested manner, if appointed as the insured's appraiser.  The insured hereby demands that the insurer notify the insured, in writing, of any obligations or duties that the insurer is waiving, now or in the future.  If notice is not received, the insured will attempt to fulfill all obligations and duties.  The above message is solely the personal opinion of Edwin-Claude, Inc. and/or its clients and not meant to be legal advice or a legal interpretation and should not be construed as the practice of law. Edwin-Claude, Inc. is an independent sub-contractor representing the insured(s), but not acting as an agent of the insured(s).

IF ANY INFORMATION IN THIS EMAIL IS INACCURATE, NOTIFY ECI IMMEDIATELY IN WRITING.

FAILURE TO DO SO WILL ACT AS YOUR AGREEMENT.

UNLESS PREVIOUSLY PROVIDED, THIS EMAIL SHALL SERVE AS THE INSURED'S WRITTEN NOTICE OF INTENT TO REPAIR OR REPLACE, BY REPAIR, PURCHASE OR ELECTION TO REPAIR, THE DAMAGED PROPERTY.

IF ANY INFORMATION OR STATEMENTS INCLUDED IN OR ATTACHED TO THIS EMAIL IS DISPUTED BY THE INSURER OR IF INSURER DOESN'T AGREE TO INCLUDE EDWIN-CLAUDE, INC. ON EACH AND EVERY PAYMENT AND AGREE TO EDWIN-CLAUDE,INC.'S RIGHT TO CONVERT ENGAGEMENT TO THAT OF AN APPRAISER, INSURER SHALL NOTIFY THE INSURED AND ECI WITHIN 10 DAYS OR WAIVE ITS RIGHT TO DISPUTE OR REJECT ANY STATEMENTS OR RIGHTS. NOTICE BY INSURER OF SAID DISPUTE OR REJECTION WILL NOT BIND THE INSURED TO SAME.