IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MOUNT VERNON SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:22-cv-00583-SEP ) ) |
| CHIPPEWA LOFTS, LLC | ) ) |
| Defendant. | ) ) |

## DEFENDANT CHIPPEWA LOFTS, LLC'S RESPONSES TO PLAINTIFF MOUNT VERNON SPECIALTY INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES

COMES NOW Defendant Chippewa Loft, LLC ("Chippewa") and hereby answers the initial Interrogatories served by Plaintiff Mount Vernon Specialty Insurance Company ("Mount Vernon"), pursuant to Federal Rule of Civil Procedure 33, as follows:

1. Please state the full name, address, and place of employment for the person or persons answering these Interrogatories.

**ANSWER:**

**Gurpreet S. Padda, 6918 Washington Avenue, St. Louis, MO 63130. Dr. Padda is the sole member of Chippewa Loft, LLC.**

2. State the total dollar value of damages You seek to recover from Mount Vernon on the Subject Claim for the Subject Loss and Your calculation of these damages.

**ANSWER:**

**$1,769,000 in actual damages which are comprised of the $1,600,000 balance of the policy limit for the loss, $144,000 in interest on the balance of the policy limit balance, and $25,000 in legal fees and expenses. We are also seeking an unspecified amount of damages for punitive damages related to the Plaintiff's conduct related to this claim.**

3. To date, what is the total amount of monies received by Chippewa Lofts, LLC paid under the Policy in relation to the Subject Claim for the Subject Loss?

**ANSWER:**

**$875,000 ($900,000 less the $25,000 deductible).**

    4.    Please identify all work, clean-up, remediation, repairs and/or replacements, which have been completed at the Subject Property as a result of the Subject Loss and identify:

        a.    A brief description of the work, clean-up, remediation, repair and/or replacement performed;
        b.    The name(s) of the individual(s) and/or company or companies performing such work;
        c.    The date such work was completed;
        d.    The amount of money charged to complete such work; and,
        e.    The amount of money which has actually been paid to complete such work.

    **ANSWER:**

**No remediation was done except for pumping the water out of the basement, as the insurance company required that the scene be kept secure for their investigation.**

    5.    Please state whether any appraiser, assessor, or contractor prepared an estimate or other report detailing work, clean-up, remediation, and/or repairs to the Property as a result of the Subject Loss. For each report or estimate, please state:

        a.    The name of the individual and/or company preparing the estimate or other report;
        b.    The address and phone number of the individual and/or company preparing the estimate or other report;
        c.    The date the estimate or other report was prepared;
        d.    The amount of damages included in the estimate or other report;
        e.    An itemized list of the work the estimate or other report proposed.

    **ANSWER:**

**See attached estimates for various components of the building along with specific breakdowns on cost.**

    6.    Have You or anyone on Your behalf ever made a demand (or demands) upon Mount Vernon for payment under the Policy due to the Subject Loss? If "yes," please state for each such demand:

        a.    The date the demand was submitted to Mount Vernon;

    b.       Whether the demand was written or verbal; and

    c.       The amount demanded.

**ANSWER:**

**See attached: Paul Abrams of Edwin-Claude, Inc. sent various emails directly to counsel for the Plaintiff and other individuals involved in the claims process demanding that full policy limits of $2.5 million be paid by the Plaintiff to the Defendant.**

7.      List and identify:

    a.       Each person You expect to call as an expert witness at the trial and state for each expert:

           (1)      Name;
           (2)      Address;
           (3)      Occupation;
           (4)      Place of employment;
           (5)      Qualifications to give an opinion (if such information is available on an expert's curriculum vitae, you may attach a copy thereof in lieu of answering this interrogatory subpart).

    b.       With respect to each expert listed, please state the subject matter on which the expert is expected to testify and the expert's hourly deposition fee.

    c.       Identify each non-retained expert witness, including a party, who Chippewa Lofts, LLC expects to call at trial who may provide expert witness testimony by providing the expert's name, address, and field of expertise.

**ANSWER:**

**No expert has been formally retained at this point however the Defendant reserves the right to formally retain experts in this matter and shall supplement this response accordingly. The Defendant has sought advice and guidance from two potential experts, Paul Abrams of Edwin-Claude, Inc. and Robert Voyles of Greater St. Louis Appraisal.**

                                                  Respectfully Submitted,
                                                  **PADDA, BENNER & BENNER, LLC**

                                                  By:   */s/ Harjot S. Padda*
                                                      **HARJOT S. PADDA**, MO #49843
                                                      3915 Brannon Avenue

St. Louis, Missouri 63109
(314) 752-7200
Fax (314) 752-7211
Attorneys for Defendant
Chippewa Loft, LLC