UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MOUNT VERNON SPECIALTY INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>v.<br><br>CHIPPEWA LOFT, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)  Case No. 4:22-cv-00583-SEP<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT STATUS REPORT

**COMES NOW,** Plaintiff Mount Vernon Specialty Insurance Company ("Mount Vernon") and Defendant Chippewa Loft, LLC ("Chippewa"), and submit this Joint Status Report pursuant to the Court's August 1, 2025 Order (Dkt. 84) directing a joint report by November 3, 2025.

**I. Verified Procedural and Scheduling History**

May 31, 2022 (Dkt. 1 – 2): **Mount Vernon filed its Complaint for Declaratory Judgment (non-jury demand)**.

June 23, 2022 (Dkt. 4): Service on Chippewa Loft LLC completed.

October 6, 2022 (Dkt. 17): **First Case Management Order entered; discovery to 5/1/2023; bench trial set 11/6/2023**.

March 29, 2023 (Dkt. 25): Court denied Chippewa's motion to dismiss; denied Mount Vernon's motion to stay as moot.

May 12, 2023 (Dkt. 37): **Chippewa filed its Answer and Counterclaim**.

August 22, 2023 (Dkt. 45): **Amended Case Management Order—discovery extended to 1/26/2024; dispositive motions 4/19/2024; jury trial 11/4/2024**.

January 8, 2024 (Dkts. 48–52): Mount Vernon filed its Motion for Summary Judgment with supporting materials; Court granted leave to exceed page limit (Dkt. 53).

March 29, 2024 (Dkt. 75): Court granted Mount Vernon's motion to dismiss Chippewa's counterclaim for vexatious refusal without prejudice — leaving only the contract/coverage dispute.

October 3, 2024 (Dkt. 80): **Trial reset to April 7 2025 (entered as jury trial)**.

February 19, 2025 (Dkt. 81): **Parties jointly moved for clarification that the matter was to proceed as a bench trial and for additional time**.

February 21, 2025 (Dkt. 82): **Court granted the motion; vacated the April 7 2025 jury setting; confirmed bench trial will be reset if needed; ordered joint status report by June 27 2025**.

July 31, 2025 (Dkt. 83): Chippewa filed Notice of Case Status.

August 1, 2025 (Dkt. 84): **Court granted an additional 90 days for discovery and mediation and required this Joint Status Report by November 3 2025**.

## II. Discovery Status

During the last 90-day extension, Chippewa served interrogatories and requests for production; Mount Vernon timely responded. No motions to compel are pending. Counsel have conferred on narrowing issues for dispositive motion practice and for any further settlement discussion.

## III. Mediation

The parties participated in court-ordered mediation before Neutral Gerard T. Noce on June 27, 2024 but did not reach settlement. Both remain open to renewed discussions after the principal legal question is addressed.

## IV. Live Claims and Issues

After dismissal of the vexatious-refusal count, the case is limited to breach-of-contract / declaratory relief under the Functional Building Valuation Endorsement (FBVE) to Mount Vernon's commercial property policy.

**Mount Vernon's Position**

Mount Vernon's position is that the core dispute is legal—the construction and application of the FBVE and its definition of "market value" under Missouri law. Any factual disagreements are secondary, because the essential facts are not in dispute: the building sustained partial fire damage, Chippewa did not contract for repair or replacement within 180 days, and Mount Vernon paid $875,000 based on a market-value appraisal less deductible.

Under FBVE § B, when the insured does not repair or replace within 180 days, payment is limited to the smallest of: (1) policy limits; (2) the market value of the damaged building exclusive of land; or (3) the cost to repair or replace the damaged portion with less-costly, functionally equivalent materials, less depreciation. "Market value" is defined as "the price the property might be expected to realize if offered for sale in a fair market."

Mount Vernon's interpretation: "*Market value*" under the FBVE is an objective measure drawn from the market as a whole—the price the property would command under fair-market conditions between typical informed participants, not what a single motivated or specialized buyer might pay for unique or sentimental reasons. It captures the building's tangible, functional worth and expressly excludes land value, redevelopment potential, historic-restoration costs, tax-credit eligibility, or other speculative economic interests.

**Chippewa's Position**

Chippewa asserts "market value" should be broader, encompassing evidence of pre-loss sales, renovation costs, and potential rental income to capture the property's fair economic value before the loss. It contends Mount Vernon's appraisal was incomplete and that "market value" must consider what a knowledgeable purchaser would have paid for the

functioning building prior to loss, including factors such as replacement cost less depreciation. Chippewa maintains those elements create factual disputes regarding valuation outcomes.

## V. Proposed Next Steps

**Option A — Dispositive Motions (Mount Vernon's proposal):**

Proceed directly to briefing on the interpretation of "Market Value" under Missouri law and the FBVE language, using the existing record and any stipulations. Suggested schedule: openings in 21 days; responses 21 days later; replies 14 days later.

**Option B — Limited Depositions Then Motions (Chippewa's proposal):**

Permit up to three targeted depositions per side on valuation methodology and application of the FBVE definition of "Market Value," completed within 60 days, then follow the same briefing schedule.

**Option C—** the parties recognize that, ultimately, it is within the Court's discretion as to how and when this case moves forward.

If, however, the Court prefers to reset the bench trial now, the parties request a setting approximately 120–150 days out, with all briefing or limited discovery completed 60 days pre-trial.

## VI. Compliance

This Report is submitted on November 3, 2025 in compliance with the Court's Order of August 1, 2025.

|  | Respectfully Submitted, |
|---|---|
| PADDA, BENNER & BENNER, LLC | **RYNEARSON, SUESS, SCHNURBUSCH &CHAMPION L.L.C.** |
| By: */s/ Harjot S. Padda* | */s/ Ellen J. Brooke*_____ |
| **HARJOT S. PADDA,** #49843 | Ellen Jean Brooke                #58901 |
| 3915 Brannon Avenue | Katherine M. Smith            #57881 |
| St. Louis, Missouri 63109 | 500 N. Broadway, Suite 1550 |
| (314) 752-7200 | St. Louis, Missouri 63102 |
| Fax: (314) 752-7211 | Phone: (314) 421-4430 |
| jpadda@pbblawfirm.com | Fax: (314) 421-4431 |
| *Attorney for Defendant Chippewa Loft* | ebrooke@rssclaw.com |
|  | ksmith@rssclaw.com |
|  | *Attorneys for Plaintiff Mount Vernon* |

## CERTIFICATE OF SERVICE

The undersigned certifies that a complete copy of the foregoing document was served upon all attorneys of record in the above action through the Court's CM/ECF filing system on this 3rd day of November, 2025.

  */s/ Ellen J. Brooke*_____